# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GERARD DELISSER** | **CIVIL ACTION** |
| v. | NO. 21-4540 |
| **KEVIN ORCHARD** | |

### MEMORANDUM RE: DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

**Baylson, J.**                                                                                              **March 25, 2022**

This action arises from an alleged solar business venture between Plaintiff Gerard deLisser and Defendant Kevin Orchard. Defendant moves to dismiss the complaint pursuant to Rule 12(b)(2) for lack of personal jurisdiction. See Mot. (ECF 4). For the following reasons, the Motion will be denied.

**I.   Factual Background and Procedural History**

Pursuant to the Complaint (ECF 1), Plaintiff alleges the following facts:

- In 2019, Defendant approached Plaintiff regarding an ownership opportunity relating to a solar project development business. See Compl. ¶ 6. Soon thereafter, the parties met at a restaurant in New Hope, PA, at which time the parties entered into an oral agreement. See id. at ¶ 8. As part of the agreement, Plaintiff agreed to contribute $98,500 as a "seed investment" in exchange for a 50% ownership in Novera Energy, LLC (a company that Defendant, prior to this alleged agreement, had 100% ownership of). See id. at ¶¶ 6, 8. Defendant would be "solely responsible" for raising additional funds for Novera Energy. Id.

1

- In January 2020, Defendant formed a Pennsylvania LLC named Novera PA Solar I, LLC and informed Plaintiff that certain Novera Energy projects would be "contributed" to this new entity. See id. at ¶ 10. "Throughout early 2020, Orchard and deLisser conducted business as co-owners and principals of Novera Energy, LLC and Novera PA Solar I, LLC." Id. at ¶ 11.

- In March 2020, the parties began drafting a formal agreement governing their 50/50 equity stakes in Novera Energy. See id. at ¶ 12.

- In August 2020, Defendant created a Delaware limited liability company—Novera Development Partners, LLC—as an intended affiliate of Novera Energy. The parties were to share 50/50 equity in this new entity. See id. at ¶ 18.

- Beginning August 2020, Defendant requested on numerous occasions for Plaintiff to wire funds to Novera Energy to cover "urgent business needs." See id. at ¶¶ 15-17, 19, 20. Plaintiff alleges that the amount requested totals $250,000. See id. at ¶ 22.

- In March 2021, Defendant repudiated the oral agreement of 2019 and informed Plaintiff that he did not recognize him as a 50% equity owner of Novera Energy. See id. at ¶ 24. Defendant subsequently deactivated Plaintiff's company email and refused to provide him access to the company bank account. See id. at ¶ 25.

On October 18, 2021, Plaintiff filed a complaint alleging three claims: (1) breach of contract, (2) "accounting" (which appears to be a sort of declaratory judgment claim requesting access to the Novera companies' accounting files), and (3) fraud. See Compl. ¶¶ 31-46. On December 9, 2021, Defendant moved to dismiss under Rule 12(b)(2) for lack of personal jurisdiction.

## II. Legal Standard

When a defendant files a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff must establish the Court's jurisdiction over the moving defendant through "affidavits or other competent evidence." Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009) (quoting Dayhoff Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1302 (3d Cir. 1996)). When the Court does not hold an evidentiary hearing, "the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004) (citing Pinker v. Roche Holdings Ltd., 292 F.3d 361, 368 (3d Cir. 2002) and Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 142 n.1 (3d Cir. 1992)).

A federal court sitting in Pennsylvania has jurisdiction over the parties to the extent provided under Pennsylvania state law. See Miller, 384 F.3d at 96 (citing Fed. R. Civ. P. 4(e)). Pennsylvania, the forum state in this case, has a long-arm statue that permits a court to exercise personal jurisdiction over non-residents "to the fullest extent allowed under the Constitution of the United States," and that exercise of personal jurisdiction "may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." 42 Pa.C.S. § 5322(b); see Danziger & De Llano, LLP v. Morgan Verkamp LLC, 948 F.3d 124, 129 (3d Cir. 2020); Miranda v. C.H. Robinson Co., No. 18-553, 2019 WL 6038539, at *3 (E.D. Pa. Nov. 13, 2019) (Baylson, J.).

For an exercise of personal jurisdiction over a defendant to comport with the Fourteenth Amendment's Due Process Clause, that defendant must "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (citation omitted).

3

"Personal jurisdiction over a defendant may be either general or specific." Chavez v. Dole Food Co., Inc., 836 F.3d 205, 223 (3d Cir. 2016) (en banc).

### III. Discussion

Because the Court finds that Defendant is subject to the Court's specific jurisdiction, this Memorandum will not address general jurisdiction. To exercise specific jurisdiction over a foreign defendant, there must be "an 'affiliatio[n] between the forum and the underlying controversy,' principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011) (citation omitted) (alteration in original). There are three steps to establishing such an affiliation:

> First, the defendant must have purposefully directed his activities at the forum. Second, the plaintiff's claim must arise out of or relate to at least one of those specific activities. Third, courts may consider additional factors to ensure that the assertion of jurisdiction otherwise comport[s] with fair play and substantial justice.

Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2007) (citations and internal quotation marks omitted) (alteration in original).

Defendant argues that the Court lacks specific jurisdiction because: (1) the Complaint does not allege activities "purportedly directed" at Pennsylvania; (2) even if the New Hope, PA meeting qualifies as a "purportedly directed" activity, Plaintiff's claims do not "arise out of or relate" to it or any other contact made in Pennsylvania; and (3) the Complaint does not allege any damages for activities stemming from Defendant's conduct in Pennsylvania. Mot. 8-10. In response, Plaintiff contends that: (1) Defendant formed a limited liability company in Pennsylvania "for the express purpose of pursuing Pennsylvania solar energy development projects"; (2) Defendant visited Pennsylvania on multiple occasions to pursue those projects; and (3) he negotiated and signed, on

4

behalf of the business ventures, contract documents for projects in Pennsylvania. Resp. 8-9.

Although the Complaint is somewhat lacking in showing the extent of Defendant's contacts in Pennsylvania, Plaintiff can submit "affidavits or other competent evidence" to establish personal jurisdiction—which he has done here. For example, Plaintiff states in his affidavit that, after the parties' 2019 meeting in New Hope, PA that gave rise to the parties' alleged oral agreement, their focus was on pursuing projects in Pennsylvania. See deLisser Aff. ¶4. Plaintiff alleges that Defendant formed a Pennsylvania limited liability company in 2020, see id. at ¶ 7 & Ex. A, and lists six projects located in Pennsylvania that he is alleging Defendant pursued using his financial contributions to the business venture, see id. at ¶¶10-13; see also id. at Ex. B & C. This satisfies the three-step inquiry. See Marten, 99 F.3d at 296.[1]

## IV. Conclusion

For the foregoing reasons, Defendant's motion to dismiss for lack of personal jurisdiction is denied. An appropriate order follows.

O:\CIVIL 21\21-4540 deLisser v. Orchard\20cv4540 Memo re MTD.docx

---

[1] Plaintiff argues in the alternative that Defendant would be subject to personal jurisdiction on the grounds that he has satisfied the "effects" test pursuant to Calder v. Jones, 465 U.S. 783 (1984). See also IMO Indus. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998). Given that the Court finds that Defendant is subject to the Court's specific jurisdiction under the minimum contacts test, the Court need not address this applicability of the "effects" test.